UNITED STATES DISTRICT COURT    2008 JUL 18  P 2: 33
DISTRICT OF SOUTH CAROLINA

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | | |
|---|---|---|
| Thomas Louis Davis, | ) C/A No.  9:08-2248-GRA-GCK | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Angela McCall Tanner; | ) | |
| Kimberly Smith; | ) | |
| McDuffey Stone, III; | ) | |
| Alexander Robinson; | ) | |
| Larry Weidner; | ) | |
| Perry M. Buckner; | ) | |
| Carmen T. Mullen; | ) | |
| James E. Lockemy; | ) **Report and Recommendation** | |
| Howard P. King; | ) | |
| J. Ernest Kinard; | ) | |
| O.G. Chase; | ) | |
| Nancy Sadler; | ) | |
| Bryant Beared; | ) | |
| Larry D. Ehler; and | ) | |
| Michael R. Seward, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Thomas Louis Davis (Plaintiff), proceeding *pro se*, brings this action pursuant to

42 U.S.C. § 1983.[1] Plaintiff, a detainee at the Beaufort County Detention Center (BCDC), files this

action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as Defendants several Judges

and Solicitors, a private attorney, two private individuals, and a Beaufort County Detective.[2] The

complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) *(en banc)*; *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal

2

arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

<u>Background</u>

Plaintiff's complaint lists the following Defendants: (1) Angela McCall Tanner, State Solicitor of Beaufort County; (2) Kimberly Smith, Ex-Solicitor of Beaufort County; (3) McDuffey Stone, III., Head Solicitor of Beaufort County; (4) Alexander Robinson, Solicitor of Beaufort County; (5) Larry Weidner, private attorney appointed by the State of South Carolina; (6) Judge James E. Lockemy, General Sessions; (7) Judge Perry M. Buckner, General Sessions; (8) Nancy Sadler, Magistrate Judge at Beaufort County; (9) O.G. Chase, Magistrate Judge at Beaufort County; (10) Bryant Beared, Head Chief Detective at Beaufort County Sheriff's Department; (11) Judge Howard P. King, General Sessions;  (12) Judge J. Ernest Kinard, General Sessions; (13) Larry D. Ehler, conspirator receiving stolen goods; (14) Michael R. Seward, car dealer; and (15) Carmen T. Mullen, Judge.[3]

Plaintiff indicates that the present case deals with the same facts involved in a pending federal lawsuit Plaintiff filed in this Court on December 10, 2007. *See Davis v. Eric J. Erickson, et al.,* Civil Action Number (C/A No.) 9:07-3976-GRA-GCK. Plaintiff's prior case, C/A No. 07-3976, alleged false arrest and malicious prosecution against Defendants Weidner, Tanner, and fifteen other Defendants. Defendants Weidner and Tanner were summarily dismissed from that action, without service of process.

---

[3] Defendant Mullen is listed in the complaint's caption, but is not mentioned elsewhere in the complaint.

In the present case, Plaintiff states that Defendants Tanner, Robinson, Smith and Stone, all solicitors, have subjected Plaintiff to constitutional/due process violations to include: malicious prosecution, prosecutorial vindictiveness, illegal detainment, and excessive bail. Plaintiff additionally alleges that these Defendants have committed "misfeasance of Public Office" by failing to comply with statutory rules and duties, by refusing to follow court orders, and by withholding evidence from the Plaintiff. Plaintiff further claims that "all the Judges and Solicitors" subjected Plaintiff to unfair prejudice by "allowing abuse of Public Official powers to commit human-bondage." Plaintiff also states "this neglect of human suffering" and "failure to prosecute cases" constitutes "cruel and unusual punishment."

Plaintiff states his appointed attorney, who is apparently Defendant Weidner, "conspired and withheld evidence." Plaintiff claims a magistrate judge violated Plaintiff's civil rights by "excessive bail, forcing indictment with a preliminary hearing. . . ." Plaintiff alleges that Defendant Beared committed "malfeasance by Police Officer", and that Defendants Ehler and Seward illegally sold automobiles. Plaintiff seeks monetary damages and injunctive relief in the form of dismissal or suspension of the named public officials.

<u>Discussion</u>

The instant complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right

4

secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In regards to Defendants Ehler, and Seward, Plaintiff fails to satisfy one of the above stated essential elements of a § 1983 claim, action "under color of state law." Defendant Ehler is listed in the complaint as a conspirator receiving stolen goods and Defendant Seward is identified as a car dealer. The body of the complaint indicates these two Defendants illegally sold trucks. Thus, these Defendants appear to be private individuals, and Plaintiff's complaint provides no facts to contribute any "state action" to either Defendant. Therefore, Defendants Ehler and Seward are not amenable to suit under § 1983 and are entitled to dismissal from the action.

Defendant Weidner, as a private attorney, is likewise entitled to summary dismissal. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Plaintiff's claims against Defendant Weidner appear to stem from this Defendant's actions as Plaintiff's court appointed attorney. Therefore, Defendant Weidner is not amenable to suit under § 1983 and should also be dismissed from the action.

In addition, several of the remaining Defendants are immune from suit under 42 U.S.C. § 1983. Regarding the Judges named in Plaintiff's case, the Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, Magistrate's Courts, and Municipal Courts are under a unified judicial system. *See* S.C. CONST. art. V, § 1; *City of Pickens v. Schmitz*, 376 S.E.2d 271 (S.C. 1989); *Cort Industries Corp. v.*

*Swirl, Inc.*, 213 S.E.2d 445 (S.C. 1975). Defendants Buckner, Mullen, Lockemy, King, Kinard, Chase, and Sadler are listed as Circuit Court or Magistrate Court Judges in South Carolina. As part of the State of South Carolina's unified judicial system, these Defendants have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").  Plaintiff's complaint against the named Judges for alleged unfair prejudice, excessive bail, forced indictment, and failure to prosecute appear to stem from the Defendants actions in some pending state criminal matter.  Thus, Defendants Buckner, Mullen, Lockemy, King, Kinard, Chase, and Sadler are entitled to summary dismissal from this action.[4]

The Beaufort County Solicitors named as Defendants are also immune from suit, insofar as their prosecutorial actions in the Plaintiff's criminal case are concerned.  In South Carolina, regional prosecutors, called Solicitors and Assistant Solicitors, are elected by voters of a judicial circuit. *See* S.C. CONST. art. V, § 24; S.C. CODE ANN. § 1-7-310 (1976). Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail

---

[4] In addition to immunity from monetary damages, the named Judges are also protected from claims for injunctive relief. Section 309(c) of the Federal Courts Improvement Act of 1996 (FICA), Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. As Plaintiff does not allege that either of these prerequisites for injunctive relief were met, any claims for injunctive relief against these Defendants must fail.

hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Thus, any possible claims the Plaintiff may be attempting to raise regarding these Defendants' prosecution of his criminal case are barred from suit under § 1983. Therefore, Defendants Tanner, Smith, Stone, and Robinson should be dismissed from Plaintiff's case.

The final remaining Defendant, Bryant Beared, is identified in the complaint as a detective in the Beaufort County Sheriff's Department. As such, Defendant Beared would be a "state actor" amenable to suit under § 1983. However, Plaintiff's entire claim against Defendant Beared is as follows: "Approval to commit malfeasance by Police Officer." Thus, the complaint in this case makes insufficient factual allegations against Defendant Beared. The complaint's general claim of rights being violated in reference to official malfeasance does not state a claim under § 1983. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). The complaint must "contain a modicum of factual specificity, identifying the particular conduct of defendants that is alleged to have harmed the plaintiff." *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir. 1981). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). As the complaint fails to state a claim upon which relief may



7

be granted under § 1983 against Defendant Beared, or any of the other above named Defendants, it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

July 17, 2008
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).