UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Thomas Louis Davis | ) | C/A No.: 9:08-cv-2248-GRA-GCK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | (Written Opinion) |
| Angela McCall Tanner; | ) | |
| Kimberly Smith; | ) | |
| McDuffey Stone, III; | ) | |
| Alexander Robinson; | ) | |
| Larry Weidner; | ) | |
| Carmen T. Mullen; | ) | |
| James E. Locemy; | ) | |
| Howard P. King; | ) | |
| J. Ernest Kinard; | ) | |
| Bryant Beared; | ) | |
| Larry D. Ehler; and | ) | |
| Michael R. Seward, | ) | |
| Defendants. | ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation filed on July 17, 2008, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.. Plaintiff filed this *pro se* action on June 18, 2008. The magistrate construed the Complaint as an action pursuant to 42 U.S.C. § 1983. The magistrate now recommends dismissing Plaintiff's Complaint *without prejudice* and without issuance and service of process. Plaintiff filed timely objections to the magistrate's recommendations. For the reasons stated herein, the Court adopts the magistrate's Report and Recommendation.

## Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

**Objections**

This Court will only hear specific objections to the Report and Recommendation. In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The only specific objection that the Court is able to identify, is that the magistrate court erred in recognizing immunity for Defendants from the South Carolina Judiciary and Beaufort County Solicitors Office. Drawing on *Fitzgerald v. McDaniel*, 833 F.2d 1516 (11th Cir. 1987), and *Lundgren v. McDaniel*, 814 F.2d 600 (11th Cir. 1987), the Plaintiff asserts that qualified immunity was improper because the Plaintiff has not designated whether these officials are being sued in their official or individual capacity. Accordingly, the Plaintiff argues that the course of proceedings *could* indicate that they were sued in their individual capacity. However, because all causes

of actions asserted against these Defendants occurred in the course of legal proceedings, immunity is proper.  Accordingly, all causes of action against these defendants should be dismissed.

Under the doctrine of judicial immunity, a judge is protected from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Additionally, judicial immunity is not overcome by an allegation of bad faith or malice which cannot be resolved without discovery, and ultimately a trial. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  Judicial immunity may generally be overcome in two circumstances– when the judge is acting in a non-judicial capacity, and when the court completely lacks all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  "Whether an act by a judge is a 'judicial' one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in a judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Furthermore, inherent in the concept of judicial immunity is the notion that a judge "will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority. *Id.* at 356.    Accordingly, because the Plaintiff only made allegations against Defendants Buckner, Mullen, Lockemy, King, Kinard, Chase and Sadler in their official capacities as judges, they are entitled to immunity.

Additionally, a "prosecutor, acting within the scope of his duties in initiating and pursuing a criminal prosecution, is absolutely immune from a civil suit for damages under 42 U.S.C. § 1983." *Pachaly v. City of Lynchburg*, 897 F.2d 723, 727 (4th Cir.

1990) (citing *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976)). The decision whether to prosecute falls squarely within the official duties of a prosecutor. *Springmen v. Williams*, 122 F.3d 211, 213-14 (1997)(stating, "It is difficult to imagine conduct more intimately related to the judicial process than a prosecutor's decision to proceed with a prosecution"). Likewise the Plaintiff's allegations against Beaufort County Solicitors Tanner, Smith, Stone, and Robinson arise from actions taken in their official capacities including their decision to prosecute, and actions taken in court proceedings. Thus, because the Plaintiff has not made allegations against these Defendants arising from anything other than their official capacities as prosecutors, they should be dismissed.

## **Conclusion**

After a thorough review of the magistrate's Report and Recommendation, the plaintiff's objections, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the Plaintiff's complaint in the above-captioned case be DISMISSED without prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August    22   , 2008

## **NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**